## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

**LYNN CICERO,**

**Plaintiff,**

**v.**

**RED LION HOTEL ("RLH") CORPORATION,**

**Defendant.**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Lynn Cicero ("Cicero" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Red Lion Hotel Corporation ("RLH" or "Defendant"), and states as follows:

## I. PARTIES

1. Plaintiff Lynn Cicero ("Cicero") is an individual citizen and resident of Colorado. All the events and transactions upon which this suit is based occurred in the State of Colorado.

2. Defendant Red Lion Hotel Corporation ("RLH" or "Defendant") is a Colorado corporation doing business in the State of Colorado. At all relevant times, RLH was an "employer" as defined by the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §630, as amended.

## II. JURISDICTION

3. Jurisdiction is asserted pursuant to the ADEA, 29 U.S.C. § 623, et seq. Subject matter jurisdiction is proper in this venue pursuant to 28 U.S.C. §§ 1331, 1332, and 1343, in that this

action arises under federal law and is between citizens of different States. This Court has personal jurisdiction over Defendant pursuant to C.R.S. §13-1-124, because Defendant transacts business in the State of Colorado.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1 132(e)(2), because the unlawful employment practices alleged herein were committed within the State of Colorado.

## III. ADMINISTRATIVE HISTORY

5. Plaintiff has timely and properly exhausted her administrative remedies by filing an Initial Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 32A-2020-00501 and the Colorado Civil Right Division, Charge No. E2000008947, on or about May 20, 2020, based upon grounds of age discrimination.

6. This lawsuit is timely filed within 90 days after Plaintiff's receipt of a Notice of Right to Sue from the CCRD dated March 1, 2021.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference her prior allegations.

8. Plaintiff was hired as a contract employee on or about February 18, 2019 in HR Administration.

9. Plaintiff was hired as a permanent full-time HR Manager on or about July 29, 2019.

10. When she was hired full-time, Plaintiff was paid well below market rate for her position, experience and education. Plaintiff was also told the position came with bonuses and stock option. However, she never received a bonus or any stock options.

11. Plaintiff had significant experience (over fifteen plus years relevant HR experience and many more in relevant work experience) when she became employed with Defendant.

12. Plaintiff was an above satisfactory employee.

13. Plaintiff was never written up or disciplined during her employment.

14. In or around June 3, 2019, Defendant hired Pat Schneider ("Schneider") as the Vice President of Human Resources. Schneider immediately hired a mid-twenty-year-old female as the "Senior" Recruiter in HR. This employee had significantly less experience than Plaintiff.

15. This younger female employee also made significantly more than Plaintiff per year.

16. In addition, Schneider hired another twenty something female into an equivalent position as Plaintiff. This employee was also paid significantly more than Plaintiff but had significantly less experience than Plaintiff.

17. Less than three months after the Senior Recruiter was hired, she left Defendant. Schneider replaced her with another young twenty-something female with less than five years HR experience and paid that employee more than Plaintiff.

18. Plaintiff's workload was double what the younger HR employees were required to do.

19. The younger HR employees performed functions such as ordering lunch and setting up conference rooms.

20. The younger HR employees together did less than 50% of what Ms. Cicero did every single day.

21. In or around February 2020, Respondent hired an Executive/Office Administrator to relieve the younger employees of the duties of ordering lunches and managing several people's calendars.

22. This individual had no experience as an Executive Assistant, no HR background, and minimal office administration but was hired at slightly less rate than Plaintiff. However, this individual was also entitled to overtime which allowed her to make significantly more than Plaintiff.

23. Defendant conducted a compensation analysis for all current employees as of January 2020. Following this analysis, Plaintiff was informed by the other HR manager that she was underpaid and was promised a raise to align her pay correctly to her level of experience.

24. However, in April 2020, Plaintiff was terminated for the pretextual reason of position elimination due to financial concern. Both of the younger HR managers remained employed.

### FIRST CAUSE OF ACTION
### (Age Discrimination under the ADEA)

25. Plaintiff incorporates by reference all of her prior allegations as if fully stated herein.

26. Plaintiff's age was a determining factor in Defendant's termination of her employment.

27. But for her age (over 55 years old) Plaintiff would not have been terminated.

28. Any reason(s) proffered by Defendant for terminating Plaintiff are pretextual.

29. Defendant acted willfully since it knew or should have known that its conduct was prohibited by the ADEA.

30. As a direct and proximate result of Defendant discriminatory actions, Plaintiff has suffered loss of income and benefits, including without limitation front and back pay. Because Defendant's actions were knowing and willful, Plaintiff is entitled to liquidated damages.

### SECOND CAUSE OF ACTION
### (Retaliation)

31. Plaintiff incorporates by reference all her prior allegations.

32. Defendant's conduct in subjecting Plaintiff to the above-described adverse employment actions is in violation of §704 of Title VII, 42 U.S.C §2000e-3(a).

33. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

34. These statutory violations were intentional.

35. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's federally protected rights.

36. As a result of the actions of Defendant, Plaintiff suffered damages.

## **JURY DEMAND**

Plaintiff requests a trial to a jury on all issues so triable.

WHEREFORE, Plaintiff Lynn Cicero prays for judgment against Defendant in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as provided by statute and that the Court may deem proper.

DATED: May 12, 2021.

Respectfully submitted,

*/s/Sara A. Green*
Sara A. Green, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Suite 650
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net